Graesel v. Weber.

GOTTLIEB GRAESEL, Appellant, v. BALTHASER WEBER et al., Respondents.

St. Louis Court of Appeals, November 15, 1898.

Negligence: PRACTICE, TRIAL: FELLOW SERVANTS. Where plaintiff not only failed to prove the negligence declared upon in his petition, but affirmatively proved that his alleged injury was occasioned by the negligence of a fellow servant he can not recover in his action.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

ALFRED A. PAXSON for appellant.

The court erred in giving the instruction in the .nature of a demurrer to the evidence, compelling plaintiff to take a nonsuit, and in refusing to set same aside. Cammon v. Laclede Gas Light Co., 46 S. W. Rep. 968; Schroeder v. Railway, 108 Mo. 322; Franke v. St. Louis, 110 Mo. 516; Cherry v. Railroad, 52 Mo. App. 499; Herboth v. Gaal, 47 Mo. 258; Burger v.

Railway, 112 Mo. 238; Finch v. Ullman, 105 Mo. 255; Standfield v. Phoenix L. Ass'n, 53 Mo. App. 595. The court erred in excluding competent and legal evidence offered by the plaintiff. Practically the only question in this appeal is, whether the petition is sufficient and the evidence tends to prove its averments, if so the case should have gone to the jury. It is well settled law in this state that pleading negligence in general terms is sufficient. Le May v. Railway, 105 Mo. 361; Foster v. Railway, 115 Mo. 165, and cases there cited. Besides no demurrer was interposed, nor motion to make more specific. The foreman, Sommers, in charge of the work was the representative of the defendants, and not a fellow servant of plaintiff. If he was negligent in giving the order complained of which resulted in plaintiff's injury, defendants are chargeable with the consequences. Schroeder v. Railway, 108 Mo. 322; Bradley v. Railway, 133 Mo. 293; Foster v. Railway, 115 Mo. 165. The attention of the court is particularly called to the Foster case, last cited, as it is a similar case to this one and settles the sufficiency of the pleadings and the liability of defendants for Sommer's acts. Even if plaintiff's injuries were the result of the combined negligence of the master and a fellow servant the negligence of the fellow constitutes no defense. Irmer v. Brewing Co., 69 Mo. App. 17; Benjamin v. Railway, 133 Mo. 274.

M. W. Huff for respondents.

Defendant insists on the following points: The plaintiff must recover, if at all, on the case made by the pleadings. Scott v. Robards, 67 Mo. 289; Thrush v. Cameron, 21 Mo. App. 394; Field v. Railroad, 76 Mo. 614; Schneider v. Railway, 75 Mo. 295; Edens v. Railroad, 72 Mo. 212; Marshall v. Railroad, 78 Mo.

610.   There was no negligence proven at the trial which was alleged in the petition.

BLAND, P. J.—Defendants were building contractors engaged in the erection and construction of a building for the Malincrodt Chemical Company, in the city of St. Louis, George F. Sommers was their foreman and superintended and directed the workmen on the building.   The plaintiff, a carpenter, was hired by Sommers to work on the building; while plaintiff was laying flooring on the fourth floor, a carpenter's helper, one Yaeger, employed by Sommers, negligently and carelessly threw a roll of tar paper, weighing forty or fifty pounds, through an opening in the fifth floor to the fourth floor, which struck the plaintiff in the small of the back, inflicting on him severe injury, for which he brought suit.   In his petition he alleges that the injury was occasioned by the negligence of Sommers, in this, "that he carelessly and negligently commanded and ordered Yaeger to go up to the fifth floor and throw the roll of tar paper through the opening in that floor to the fourth floor, when he should have ordered Yaeger to carry the paper down a ladder reaching from the fourth to the fifth floor."

The answer was a general denial.   The evidence on the trial developed the following facts, which are undisputed by any witness.   At the time

EVIDENCE.

plaintiff was injured no stairways had been erected in the building, but openings had been left in the floors and ladders put up in these openings, reaching from floor to floor, to enable the workmen to ascend or descend from one to another floor; that Yaeger was engaged in laying tar paper on the rough laid floors preparatory to laying the finished flooring, that he was told by Sommers that he should *carry the paper down in case the carpenters were working below;*

that on the occasion of plaintiff's injury he disobeyed this order, and threw the roll of paper through the opening. It was the negligence of Yaeger—not that of Sommers—which occasioned the plaintiff's injury. He (plaintiff) and Yaeger were fellow servants, and the defendants are not liable for the injury. At the close of the plaintiff's evidence the court gave an instruction that he could not recover; plaintiff took a nonsuit with leave, his motion to set aside the nonsuit was filed in time, but was by the court overruled, from which ruling he appealed.

Plaintiff not only failed to prove the act of negligence declared upon in his petition, but he affirmatively proved that his injury was occasioned by the negligence of his fellow servant, and that Sommers instead of being himself negligent, had acted prudently and given orders to Yaeger, which if the latter had obeyed, as was his duty to do, the injury would not have been occasioned.

Fellow servant.

It follows that the judgment of the lower court is affirmed. All concur.